UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIUS-VINCENT REYES,

    Plaintiff,

v.                                   CASE NO.  8:08-cv-00452-T-23EAJ

UNITED STATES OF AMERICA,

    Defendant.

                                       /

**ORDER**

The United States of America (the "United States),[1] on behalf of the Social Security Administration ("SSA"), moves (Doc. 8) to dismiss this action for lack of subject matter jurisdiction and, alternatively, for failure to state a claim upon which relief can be granted.  Julius-Vincent Reyes ("Reyes"), proceeding pro se, opposes (Doc. 9) the motion.

In his complaint, Reyes claims registration as the agent for Westbury House ("Westbury"), an assisted living facility that houses thirty-five residents who receive Social Security benefits.  (Doc. 2, ¶¶ 4-5, 12; Doc. 8 at 1)  Reyes applied to the SSA for appointment as a "representative payee" for the thirty-five residents' Social Security benefits.  (Doc. 2, ¶¶ 7, 12; Doc. 8 at 1-2)  SSA employee, Annette Brenowitz ("Brenowitz"), denied Reyes's application.  (Doc. 2, ¶ 8; Doc. 8 at 1-2)  Reyes sues the United States and alleges (1) that Brenowitz "intentionally," "willfully," and "maliciously" denied Reyes's application; (2) that Brenowitz failed to furnish sufficient grounds for

---

[1] An April 9, 2008, order (Doc. 7) grants the United State's motion (Doc. 4) to dismiss Brenowitz as a defendant and to substitute the United States of America as a defendant in this case.

denial of the application; (3) that Brenowitz simply stated that "Westbury cannot be a payee;" and (4) that the denial was due to Brenowitz's intention to "put Westbury to bankruptcy" and collect the money for herself.  (Doc. 2, ¶¶ 21, 11, 15, 26)  Reyes seeks damages and a letter of apology from Brenowitz.  (Doc. 2 at 6-7)

To establish subject matter jurisdiction under 42 U.S.C. § 405(g), a plaintiff must seek a "final decision" from the Commissioner of Social Security.  Section 405(g) is the only avenue that Congress has provided for judicial review of a claim arising under the Social Security Act.  See Weinberger v. Salfi, 422 U.S. 749, 95 S. Ct. 2457 (1975); see also Heckler v. Ringer, 466 U.S. 602, 614-615, 104 S. Ct. 2013, 2021-22 (1984).  "The term 'final decision' is not only left undefined by the [Social Security] Act, but its meaning is left to the Secretary to flesh out by regulation."  Weinberger 422 U.S. at 766; see Mathews v. Eldridge, 424 U.S. 319, 330, 96 S. Ct. 893, 900 (1976).  The Commissioner of Social Security has "wide discretion to . . . decide whether or not to appoint a representative payee at all."  Guzman v. Commissioner of Social Security, 182 F. Supp. 2d 216, 219 (D.P.R. 2002).  Accordingly, through the Commissioner of Social Security, SSA implements strict regulations on the selection of a representative payee of Social Security benefits.  See Mathews, 424 U.S. at 330, 96 S. Ct. at 900 (1976).  Sections 404.93(c) and 416.1403(a)(3), Code of Federal Regulations, specifically provide that denial of a request for appointment as a representative payee is not an initial determination subject to the administrative review process or to judicial review.  Jones v. Social Security Administration, No. 07-15870, 2007 WL 4197497, at *1 (9th Cir. Nov. 19, 2007) (citing 20 C.F.R. § 404.93(c)); 20 C.F.R. § 416.1403(a)(3).

- 2 -

Further, standing to sue is a prerequisite to a court's exercise of subject matter jurisdiction.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992). Standing under Article III comprises three elements, an "'injury in fact'–an invasion of a legally protected interest," causation, and redressability.  Id. at 560-61; see Warth v. Seldin, 422 U.S. 490, 95 S. Ct. 2197 (1975); see also Region 8 Forest Service Timber Purchasers Council v. Alcock, 993 F.2d 800, 802 (11th Cir. 1993).

Pursuant to sections 404.93(c) and 416.1403(a)(3), Brenowitz's denial of Reyes's application to become a representative payee of the thirty-five residents' Social Security benefits was not an initial determination subject to the administrative review process and to judicial review.  Brenowitz acted within the course and scope of her employment with the SSA.[2]  Reyes fails to establish subject matter jurisdiction under section 405(g). Further, Reyes lacks standing to file this action because he fails to allege a distinct injury to himself.  Reyes has not suffered an "injury in fact."  Reyes cannot assert the rights of the thirty-five residents in an attempt to find redress for his alleged damages. The motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.  The Clerk is directed to terminate any pending motion and close the case.

ORDERED in Tampa, Florida, on June 13, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The United States Attorney for the Middle District of Florida has certified (Doc. 1, Ex. 1) that Brenowitz was acting within the scope of her employment at the time of the incident resulting in Reyes's claim.